IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MODESTO SANTO GUERRERO,**

        Plaintiff,

  v.                                   **Civil Action No. 5:22-CV-4**
                                          Judge Bailey

**TONYA POLLACK,** Registered Nurse,
BSN, Health Services Admin**.; G. Robert
THOMPSON,** Facility Doctor**; WEXFORD
HEALTH SERVICES,** Primary Health
Service Provider**,**

        Defendants,

## REPORT AND RECOMMENDATION

### I. Background

On January 6, 2022, the plaintiff filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983, along with the $402 filing fee. Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 23], filed February 28, 2022. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

In his Complaint, plaintiff alleges that his serious medical needs were ignored by staff at Denmar Correctional Center in Hillsboro, West Virginia. Plaintiff alleges that he began having pains in his lower back sometime in 2016, which he continuously complained of to defendants. In May of 2019, plaintiff was unable to urinate and had

fallen due to pain. Plaintiff was taken to Pocahontas Memorial Hospital, where a CT scan was performed and it was discovered that plaintiff had tumors on his kidneys. Plaintiff alleges that a doctor at the hospital asked why it had taken so long for plaintiff to be brought in to be examined, to which an officer replied "that's how the medical is at Denmar." Plaintiff alleges that a kidney specialist then informed him that he had had the tumors for around four-and-a-half years; following the discovery of the tumors, plaintiff "had to endure four (4) years of physical and emotional pain, and on August 2021, surgery had to be performed to remove my kidney." [Doc. 1 at 8].

Plaintiff's Complaint asserts claims for negligence and for deliberate indifference to plaintiff's serious medical needs. Plaintiff contends that leading up to the May 2019 event, he continuously complained of pains, problems urinating, and a concern that the issues were with his kidneys, but that staff ignored those concerns. Finally, plaintiff asserts that defendants violated his 14th Amendment right to equal protection due to his Cuban Nationality.

### III. Standard of Review

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," **Id**. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  **Id**. at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. Analysis

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." **Wilson v. Garcia**, 471 U.S. 261, 279 (1985).  Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions.

3

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

Accordingly, the applicable statute of limitations in this case is two years. To the extent plaintiff attempts to assert a negligence claim rather than a claim under § 1983, the same statute of limitations applies.

As set forth in the Complaint, the alleged actions constituting deliberate indifference by the defendants began in 2016 through May 2019. In May of 2019, plaintiff required hospitalization due to being unable to urinate and being in pain; at the hospital, plaintiff alleges a CT scan was performed and it was discovered plaintiff had tumors on his kidneys. Because the actions alleged in the Complaint occurred beginning sometime in 2016 and through May of 2019, the statute of limitations began to run, at the latest, in May of 2019. Plaintiff had two years, until May 2021, to file his Complaint; the Complaint in this case was filed January 6, 2022, well past that deadline. Accordingly, defendants argue that plaintiff's claims are barred by the statute of limitations.

In his response, plaintiff argues that his claims are not barred by the statute of limitations because he has alleged a "continuing violation."

> A Section 1983 claim of deliberate indifference ordinarily accrues when a plaintiff becomes aware or has reason to know of the harm inflicted. *TwoRivers*, 174 F.3d at 991. However, when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a "continuing violation" for which the statute of limitations runs anew with each violation. *See **Nat'l Advert. Co. v. City of Raleigh**, 947 F.2d 1158, 1166–67 (4th Cir. 1991) (noting that continuing violation generally arises when the acts in question are a "continuing practice" (citation omitted)).

*DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "[T]o assert a Section 1983 claim for deliberate indifference under the 'continuing violation' doctrine, a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omissions within the applicable statute of limitations for personal injury." *Id*. at 487.

Here, plaintiff has failed to allege acts or omissions outside the applicable statute of limitations. As set forth in his Complaint, the alleged deliberate indifference occurred before and up to May 2019, when prison staff finally acted and sent him to the hospital for medical care. Plaintiff contends there are ongoing violations based on continued problems with his kidneys stemming back to the original injuries. But the continuing effects of the original injuries do not constitute a continuing violation. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an

5

original violation." **Ward v. Caulk**, 650 F.2d 1144, 1147 (9th Cir. 1981).  Further, although plaintiff asserts in his response that he has been continuously affected by the defendants unlawful acts, the only incident he cites within the applicable statute of limitations is his assertion that after defendants filed the instant motion, he sent a "sick call" to the medical department to obtain his medical records.  [Doc. 27 at 5].  Plaintiff asserts that defendants failed to follow BOP policy and overcharged him for the copies.  [Id.].  Assuming this allegation to be true, it is not an act or omission demonstrating deliberate indifference to plaintiff's serious medical needs, and thus does not satisfy the test to assert a deliberate indifference claim under the continuing violation doctrine.  Accordingly, plaintiff's deliberate indifference and negligence claims should be dismissed.

Finally, the Court notes that plaintiff's final claim, that he was denied equal protection due to his Cuban nationality, is devoid of supporting facts.  In outlining the allegations related to the lack of medical care, plaintiff alleges:

> Ms. Pollack did not have my kidneys checked for cancer and disregarded my consistent pains.  I believe and felt that this was due to me being a Cuban Nationality (sic) and that the communications between herself and myself were frustrating for all parties.

[Doc. 1 at 8].  As defendants point out, "Plaintiff has failed to plead any facts supporting that there are other similarly situated inmates from which Plaintiff was treated differently." [Doc. 24 at 15].  Assuming the allegations to be true, plaintiff has failed to set forth facts which would entitle him to relief on this claim, and it should therefore be dismissed.

6

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 23**] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** March 28, 2022.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE